# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| O1 COMMUNICATIONS, INC<br><br>*Plaintiff,*<br><br>v.<br><br>MCI Communications Services, Inc. and Verizon Select Services, Inc.,<br><br>*Defendants.* | Case No.: 2:18-cv-01950-JAM-DB<br><br>**ORDER GRANTING REQUEST TO REDACT OR SEAL SPECIFIC CONFIDENTIAL INFORMATION**<br><br>Judge: Hon. John A. Mendez<br><br>First Amended Compl. Filed: 09/04/2018 |

The Court has considered Plaintiff's Request to Redact or Seal Specific Confidential Information filed in support of its Complaint against Defendants MCI Communications Services, Inc. and Verizon Select Services, Inc.

1. As described in the Motion, in order to present its case against Defendants and for the Court to assess O1's claims of Defendant's business practices that give rise to the Complaint, O1 asserts that it needs to include confidential information from a Confidential Settlement Agreement.

2. O1 is narrowly tailoring its request to file under seal because only the portions of the Complaint that include rates and usage levels from the Confidential Settlement Agreement are being designated as confidential. Specifically O1 requests to seal pages 2 and 3, ¶ 2(a)-(e)

3. O1's Motion to Seal the Confidential Settlement Agreement is a non-dispositive *motion*, therefore it must show good cause rather than showing a compelling reason for its request to seal. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir.2010)..

4. Good cause may be shown if confidential information could be used "as sources of business information that might harm a litigant's competitive standing," (*Nixon v. Warner Communications* (1978) 435 U.S. 589, 598. Preventing the release of trade secrets has been held to be sufficient reason to seal information under the more rigorous "compelling reason" standard. *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087 BTM AJB, 2011 WL 3759632, at *3 (S.D. Cal. Aug. 25, 2011) (*citing Nixon*, at 598).

5. O1 argues that the rate and usage information constitutes a trade secret because it derives independent economic value from keeping the information confidential and has taken reasonable steps to prevent its disclosure. Cal. Civ. Code §3426.1.

6. Further, O1 argues that the rates and usage requirements should be sealed for the because the rates and usage levels were the product of a settlement that differ from O1's tariffed rates charged to other carriers. That information, therefore, reflects the value that O1 placed on settling claims related to a switched access billing disputed it had with several Verizon entities. Revealing the rates to be charged at various levels of minutes of use would prejudice O1 by exposing to other carriers the value Verizon it is willing to pay to resolve such disputes. In addition, revealing the rates assessed at various usage levels would harm O1's ability to negotiate with other carriers because they would effectively establish a ceiling on rates other carriers would likely demand.

7. Having considered the Motion, for GOOD CAUSE SHOWN, the Court hereby ORDERS that the Motion **IS GRANTED**.

Dated  10 - 29 , 2018 at Sacramento, California.

Hon. John A. Mendez